**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| IN RE SUBPOENA DUCES TECUM TO RESET 180 | Rule 45 Subpoena in a Civil Action Case No. 1:25-mc-27 (PTG/IDD) |
| JULIA HUBBARD and KAYLA GOEDINGHAUS, | |
| *Plaintiffs*, | Case No. 5:23-cv-00580-FB (W.D. Tex.) |
| v. | |
| TRAMMELL S. CROW, JR. *et al.*, | |
| *Defendants*. | |

**MEMORANDUM IN SUPPORT OF TRAMMELL S. CROW'S
MOTION TO CERTIFY AN ACT CONSTITUTING CIVIL CONTEMPT**

After months of briefing and hearings on a simple motion to compel, Reset 180 is willfully disregarding a valid order of this Court, to the substantial prejudice of Mr. Crow. On June 29, 2026, this Court issued an order granting in part Mr. Crow's Motion to Compel and ordering Reset 180 to produce 67 documents[1] by July 6, 2026. Dkt. 59 at 17–18 (the "Order"). As of today, Reset 180 still has not produced a single document. Nor did Reset 180 file timely objections to the Order, which were due on July 13, 2026. *See* Fed. R. Civ. P. 72(a) (requiring objections to a magistrate judge's order within 14 days). Accordingly, the Order is now final and cannot be

---

[1] Reset 180 produced for *in camera* review a number of documents it claimed were privileged. The Court ordered production of 50 documents that it found were responsive and not privileged. Reset 180's privilege log identified 126 documents, but it failed to submit 17 of them for *in camera* review. *See* June 29, 2026 Order at 18 n.13, Dkt. 59. The Court ordered production of these 17 documents in addition to the 50 it identified specifically. *Id.* Reset 180 maintains that these 17 documents are merely "sub-section[s]" of other documents on the privilege log. *See* Dkt. 63 at 10–11. Mr. Crow has no means of verifying this, as he has not seen the documents.

appealed. *See, e.g.*, *Clinton v. Hudgins*, 841 F. App'x 609 (4th Cir. 2021) (mem.) ("[A] party who fails to file timely objections to a magistrate judge's nondispositive order ... forfeits its right to appellate review of that order."); *Meyers v. Kiser*, 767 F. App'x 522, 523–24 (4th Cir. 2019) ("Except when a magistrate judge acts under 28 U.S.C. § 636(c) (2012), we lack jurisdiction over any appeals from a magistrate judge's order.").

On July 15, 2026, Mr. Crow's counsel sought a meet-and-confer with Reset 180's counsel. The parties met at 9 a.m. on July 16, 2026.  Mr. Crow's counsel explained that Reset 180's time to file objections to the Order expired on July 13 and offered to waive attorneys' fees and forgo filing this motion if Reset 180 would comply with the Order and produce the required documents before 5 p.m.—so that Mr. Crow's counsel could review them and use them during a party deposition that ends today.  Reset 180 did not produce the documents, and Mr. Crow's offer expired.[2]  It then filed a motion for leave to file untimely objections to the Order, citing "excusable neglect," and attaching its previously filed motion to stay as "objections." *See* Dkt. 64 at 2–3; Dkt. 65.  Reset 180 did not seek Mr. Crow's consent to file this motion, nor did counsel request a meet-and-confer before doing so.  Mr. Crow now seeks an Order from this Court certifying to the District Judge that Reset 180's "failure" to comply with the Order is an act of civil contempt.  *See* 28 U.S.C. § 636(e)(6)(B).

---

[2] At 4:45 p.m., Reset 180's counsel indicated that Reset 180's board of directors had voted to comply with the Order and "forego [*sic*] further legal battles/appeals."  Counsel further indicated that Reset 180 would produce the documents before Mr. Crow's offer expired.  A few minutes later, Reset 180 sought to impose several conditions on Reset 180's compliance with the Order— an Order it has now conceded is valid both by choosing not to timely object to it and by voting to comply with it.  As of this filing, Reset 180 has not produced any documents.

## **BACKGROUND**

The Court is familiar with the facts underlying this subpoena action, which has been briefed extensively. *See* Dkt. 59 at 1. In short, this action arises from litigation pending in Texas federal district court, in which Mr. Crow is wrongfully accused of human trafficking, racketeering, and racketeering conspiracy. In August 2025, Mr. Crow served a subpoena on Reset 180, a Virginia-based non-profit organization that provides services to victims of human trafficking, to obtain critical documents in support of his defense. In particular, Reset 180 possesses documents unavailable from any other source that contain, among other things, information related to plaintiffs' credibility and to the truth of their claims against Mr. Crow.

Reset 180 has fought tooth-and-nail, without any substantial justification, against producing relevant discovery materials. Reset 180's intransigence forced not only Mr. Crow's motion to compel, but two rounds of briefing, four status updates, countless meet-and-confers, and four hearings before the Court over the course of six months. The ultimate and inevitable result was the Court's June 29, 2026 Order requiring Reset 180 to produce 67 documents to Mr. Crow by July 6, 2026. *See* Dkt. 59.

Reset 180 did not comply with the Order. Instead, on July 5, 2026, Reset 180 moved for a stay of the Order. *See* Dkt. 60. Reset 180 claimed that it intended to file objections to the Order under Federal Rule of Civil Procedure 72(a). *Id.* at 1–2. But Reset 180 did not do so, and the 14-day window for it to file any objection expired on July 13, 2026. *See* Fed. R. Civ. P. 72(a).

During the parties' July 16 meet and confer about this motion, Mr. Crow's counsel explained to Reset 180 that its deadline to object to the Court's Order had expired and that the Order is thus final and unappealable. Reset 180 responded by taking the position that its mere filing of its motion to stay (which has not been granted) automatically did away with all of its

obligations relating to the Order (including its obligation to timely object to it).  Reset 180 takes this position despite having sought a "temporary administrative stay" in its stay motion, indicating its knowledge that the mere filing of a motion does not stay all proceedings.  Mr. Crow had also explained in his opposition to Reset 180's stay motion that a party cannot grant itself a stay merely by filing a motion asking for one.  *See* Dkt. 61 at 11–12.

Reset 180 has not produced any documents as ordered by the Court.  Instead, after Mr. Crow alerted Reset 180 that its deadline to object to the Order had passed, Reset 180 filed a motion for leave to file untimely (and therefore waived) objections to the Order.  *See* Dkts. 64 & 65. Because discovery in the underlying Texas action is rapidly coming to a close, Mr. Crow is left with no choice but to move for a finding of contempt to force Reset 180 to comply with the Court's Order and produce documents.  *See Williams v. AT&T Mobility LLC*, 2022 WL 705912, at *1 (E.D.N.C. Feb. 18, 2022) (finding third party in civil contempt for violating court order to comply with subpoenas).

## **LEGAL STANDARD**

Under Rule 45, the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey [a] subpoena or an order related to it."  Fed. R. Civ. P. 45(g). "Civil contempt is remedial and is imposed in order to 'coerce compliance with an order of the court or to compensate for losses or damages caused by noncompliance.'"  *Williams*, 2022 WL 705912, at *1 (quoting *Carbon Fuel Co. v. United Mine Workers of Am.*, 517 F.2d 1348, 1349 (4th Cir. 1975)).

The party moving for an order of contempt must establish by clear and convincing evidence that the court issued a valid order in the movant's favor and that the opposing party knowingly violated the order, causing the movant harm.  *CFPB v. Klopp*, 957 F.3d 454, 462 (4th Cir. 2020)

4

(citing *United States v. Ali*, 874 F.3d 825, 831 (4th Cir. 2017)). Once these elements are established, the burden shifts to the non-moving party, who must "show 'good faith [in making] all reasonable efforts to comply with the enforcement order.'" *Id.* (quoting *Ali*, 874 F.3d at 831). If the non-moving party fails to meet this burden, it "may be held in civil contempt." *Id.*

Under 28 U.S.C. § 636(e)(6)(B), "a Magistrate Judge must certify facts relevant to the issue of civil contempt to the District Judge and may order the person to appear before the district judge to show cause why they should not be held in contempt." *Roytlender v. D. Malek Realty, LLC*, 2023 WL 8473360, at *1 n.1 (E.D.N.Y. Mar. 24, 2023), *adopted,* 2023 WL 7986058 (E.D.N.Y. Nov. 17, 2023). Accordingly, "the magistrate judge's role is to determine whether the moving party can assert sufficient evidence to establish a prima facie case of contempt." *Morales v. Samararatne*, 2024 WL 4858581, at *2 (C.D. Cal. Nov. 21, 2024).

Once certified by a Magistrate Judge, the District Judge "has broad discretion to determine the appropriate remedy for civil contempt," which can include a coercive daily fine, a compensatory fine, or attorneys' fees. *Williams*, 2022 WL 705912, at *2.

## <u>ARGUMENT</u>

### The Court Should Certify That There Is Sufficient Evidence to Hold Reset 180 in Contempt for Defying a Final Court Order.

All requirements under Rule 45 for finding Reset 180 in contempt to coerce it to comply with the Order are easily satisfied. The Order is unquestionably valid. *See* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court."). It is also final and unappealable, as Reset 180's objections are unquestionably untimely. *See* Fed. R. Civ. P. 72(a); *Clinton*, 841 F. App'x 609 (mem.); *Meyers*, 767 F. App'x at 523–24. Reset 180 has itself acknowledged this by moving for leave to file untimely objections, citing "excusable neglect." Dkt. 64 at 1–2. Yet, it is clear that Reset 180 had

5

not attempted to draft any objections until *after* counsel for Mr. Crow stated a contempt motion was forthcoming. Reset 180's so-called Rule 72(a) objections that it now seeks leave to file are simply a refiled copy of its motion to stay—which itself states that it is not intended as Rule 72(a) objections. *See* Dkt. 65; Dkt. 59 at 2 (stating that Reset 180 "intends to file [objections] under Fed. R. Civ. P 72(a).").

Next, because it granted in part Mr. Crow's Motion to Compel and ordered Reset 180 to produce documents, the Order is unquestionably in Mr. Crow's favor. *See Gomez v. Easlan Mgmt.*, 2021 WL 5854413, at *4 (D.S.C. Sept. 30, 2021) (holding that order granting motion to compel in part was "clearly in favor" of the Rule 45(g) movant).

Moreover, Reset 180 was well aware of the Order and its deadline for compliance. Indeed, Reset 180 moved to stay the Order, acknowledging that "the Order required Reset 180 to produce only certain documents within a five-day window." Dkt. 60 at 1. It was similarly aware that in order to appeal the Order, it was required to file specific objections. *See id.* at 14 ("Reset 180 requests a stay pending appeal of the District Judge's resolution of objections Reset 180 intends to file in due course."). And Reset 180 knew that "[c]hallenges to a Magistrate Judge's order do not automatically stay a party's duty to comply with that order"—a point Mr. Crow made in his opposition brief and which Reset 180 did not contest in its reply. Dkt. 61 at 11; *see also Plant v. Merrifield Town Ctr. Ltd. P'ship*, 711 F. Supp. 2d 576, 584 (E.D. Va. 2010) ("[T]here is no support for the contention that a magistrate judge's order on a nondispositive motion … is automatically stayed upon timely filing of an objection to that order."). That is why Reset 180 requested an administrative stay pending resolution of the stay itself. Dkt. 60 at 1–2.

On July 16, 2026, Mr. Crow's counsel met and conferred with Reset 180's counsel. Mr. Crow's counsel explained that Reset 180 (1) had failed to comply with the Order, (2) had

6

failed to timely object to the Order, and (3) therefore had no right to object to or appeal from the Order.  Mr. Crow's counsel further asked Reset 180's counsel to provide any legal authority indicating that filing a motion to stay automatically halted the Order.  Counsel was unable to provide any such authority.  No such authority exists.  *See Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("[A]ll orders and judgments of courts must be complied with promptly…. [A]bsent a stay, [a party] must comply promptly with the order pending appeal.  Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect."); *Alston v. Becton, Dickinson & Co.*, 2014 WL 338804, at *2 (M.D.N.C. Jan. 30, 2014) ("[T]he mere filing of a motion to stay does not effect a stay."); *Tinsley v. Kemp*, 750 F. Supp. 1001, 1013 (W.D. Mo. 1990) ("[B]y refusing to comply with discovery merely because a motion to stay is pending, a party effectively is granting its own motion to stay— even before the court has ruled.  Such a phenomenon would reduce a court's orders to useless and senseless formalities.").

Now, Reset 180 admits that it pursued an intentional strategy of willful disobedience.  Dkt. 64 at 1 ("Reset 180's position has been that it cannot comply at all with the subpoena (and now the MTC) until it has exhausted all lawful appeals.").  Rather than produce documents, it "anticipated" that the Court would grant a stay of its Order.  *Id.* at 2.  When it became clear that Mr. Crow would move for contempt if Reset 180 did not produce the documents, its board authorized the release of the documents—but only on its own terms, not those ordered by the Court.  *See* Dkt. 64-3 at 17 ("Our client's agreement to comply is subject to the following conditions.").  Throughout, Reset 180 has demonstrated a clear and determined refusal to acknowledge that it is subject to the normal rules of civil litigation.  Accordingly, Reset 180 has

knowingly violated—and continues to knowingly violate—the Order by failing to produce documents.

Mr. Crow has suffered harm from Reset 180's violation of the Order. He remains without evidence critical to his defense in the underlying Texas litigation as key witnesses are deposed in that case and the close of discovery rapidly approaches. Indeed, Mr. Crow was forced to take the deposition of one of the plaintiffs without the documents relating to her that this Court ordered Reset 180 to produce.[3] Every day Mr. Crow remains without these documents further prejudices his ability to defend himself. Accordingly, all four elements for civil contempt are established.

Finally, Reset 180 cannot "show good faith [in making] all reasonable efforts to comply with" the Order. In fact, Reset 180 has made *no* effort to comply with the Order. *See De Simone v. VSL Pharms., Inc.*, 36 F.4th 518, 530 (4th Cir. 2022) ("Substantial compliance is found where all reasonable steps have been taken to ensure compliance: inadvertent omissions are excused only if such steps were taken." (citation omitted)). Nor is there any conceivable excuse for Reset 180's failure, as Reset 180 has had these documents collected for months. As such, there are ample grounds for this Court to certify to the District Judge that Reset 180's actions support a finding of contempt.

<b><u>CONCLUSION</u></b>

Mr. Crow respectfully requests that the Court enter an Order certifying to the District Judge that there is sufficient evidence to find Reset 180 in civil contempt and requiring Reset 180 to

---

[3] Fifteen defendants have appeared in the underlying action, and the five-day deposition of Plaintiff Hubbard began on July 13, 2026. Considering that more than twenty lawyers are attending the deposition on behalf of several Defendants, it was not feasible to reschedule the deposition to accommodate Reset 180's unwarranted delays.

appear in front of the District Judge for a hearing to show cause why it should not be found in civil contempt for failing to comply with the Court's June 29, 2026 Order.


Dated: July 17, 2026                                    Respectfully Submitted,


   */s/ Joseph R. Oliveri*
Thomas A. Clare, P.C. (VSB No. 39299)
Joseph R. Oliveri (VSB No. 77152)
Eric D. Hageman (VSB No. 99828)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7405
Email: joe@clarelocke.com
      tom@clarelocke.com
      eric.hageman@clarelocke.com

*Attorneys for Trammell S. Crow*

9

## LOCAL RULE 37(E) CERTIFICATION

I, the undersigned, hereby certify that I met and conferred with opposing counsel via videoconference on July 16, 2026 in a good faith attempt to narrow the area of disagreement before filing this motion.


    */s/ Eric Hageman*

Eric D. Hageman (VSB No. 99828)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7405
Email: eric.hageman@clarelocke.com